UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARNOLD VELASQUEZ | CIVIL ACTION |
| VERSUS | NO. 24-2377 |
| OFFICER RAMIE, ET AL. | SECTION "H" (2) |

**FINDINGS AND RECOMMENDATION**

Plaintiff Arnold Velasquez, submitted for filing this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging, among other thingws, claims of excessive force against defendants Officer Ramie and Officer Moses on April 22, 2024. ECF No. 1.

After issuing a Response Order and completing the Court's statutory frivolousness review, I issued a Report and Recommendation to allow Velasquez's excessive force claims against defendants Officer Ramie and Office Moses to move forward for further proceedings, which was later adopted by the U.S. District Judge. ECF No. 9; ECF No. 11. As a result, service was issued to defendants via the U.S. Marshals Service on May 2, 2025. ECF No. 12.

On September 15, 2025, the service of summons, inclusive of a copy of the complaint, the Court's prior order, and the requisite USM-285 form for each defendant, were returned to and docketed by the Clerk's office reflecting that service was not effected. ECF No. 16 at 2-3. The U.S. Marshals Service's package included a letter dated May 6, 2025, directed to plaintiff Arnold Velasquez requesting that he furnish the U.S. Marshals with the full names of the defendants, which they indicate is necessary for them to complete service. *Id.* at 1. The envelope containing that letter was returned to the sender as undeliverable.[1] On September 16, 2025, I issued an order directing Velasquez to update his address with the Court, advising Plaintiff that failure to do so

---

[1] The envelope was stamped "NO LONGER IN CUSTODY." ECF No. 1 at 26.

would result in a recommendation that his complaint be dismissed. ECF No. 17. As of the date of this order, Velasquez has failure to respond to the order or provide a new address to the Clerk.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[2] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[3] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[4] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[5]

All litigants are obligated to keep the court advised of any address change.[6] In addition, the complaint form used by Velasquez to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[7] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[8]

---

[2] *Hulsey v. St. of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas Cnty. Dep. Sher. Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[3] *Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[4] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris Cnty. Sher.'s Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[5] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[6] *See* EDLA Local Rules 11.1 and 41.3.1.
[7] ECF No. 4, ¶VI(2), at 6 (Plaintiff's Declaration).
[8] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

Velasquez has not contacted the Court or provided a current address within 209 days of the return of the first undeliverable envelope.[9]  Velasquez has failed to comply with the court's rules and orders, which has created delay in the court's ability to efficiently manage the case.  His delay is caused by and attributable to Velasquez himself, justifying dismissal of his claims within the complaint for failure to prosecute.[10]

In a final effort to provide Velasquez with an opportunity to show cause why his claims should not be dismissed, I issue these Findings and Recommendation to the presiding United States District Judge.  Velasquez is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report.  It is suggested to Velasquez that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders.  Velasquez is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Velasquez is further advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[9] ECF No. 10.  *See* L.R. 41.3.1 ("The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.")
[10] *See Torns v. St. of Miss. Dep't of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[11]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Arnold Velasquez's 42 U.S.C. § 1983 claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this 27th day of October, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[11] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).